PATRICK FOX *vs.* SMITH ELLISON.

February 18, 1890.

**Municipal Court—Legal and Equitable Actions.—**Complaint considered, and *held* not to be upon an equitable cause of action, so as to be beyond the jurisdiction of the municipal court of Stillwater.

Appeal by plaintiff from an order of the municipal court of Stillwater, sustaining a demurrer to the complaint, in which plaintiff asked judgment for $97.90.

*C. P. Gregory,* for appellant.

*H. N. Setzer,* for respondent.

GILFILLAN, C. J.    This action was commenced in the municipal court of Stillwater, and comes here on appeal from an order sustaining a demurrer to the complaint, on the ground that that court had not jurisdiction of the action.    That court has no jurisdiction of a purely equitable cause of action, and cannot grant equitable relief. The demurrer was interposed and sustained on the theory that such is the character of the cause of action set forth in this complaint.    The complaint alleges that Daniel P. and Garret G. Fox were the owners of logs bearing a certain log-mark; that the log-mark was of record in the office of the surveyor general of logs, in the name of the defendant, as security for money loaned and supplies furnished, it being agreed that, when paid, defendant should transfer the log-mark, and all logs bearing it, to the Foxes; that he has been paid in full, and when they demanded it he refused to so transfer.    It then states how many logs he received, and did not pay nor account for, and the value thereof, and that he received such value, and promised to pay the same to said Foxes, but on demand refused to do so, and that the Foxes have assigned the claim to plaintiff.    The complaint asks judgment for the value of the logs.

There is nothing in this statement of a cause of action to prevent a justice of the peace, or the municipal court, entertaining it and granting the relief sought.    It is true, some of the facts suggest an equitable cause of action, to wit, for specific performance of the

agreement to transfer the log-mark, but the action is not brought upon it; that relief is not sought. The theory of the complaint is that, the logs belonging to the Foxes, the defendant, after the debt was paid, was accountable to them for the value, or for the proceeds of sales of them, as for money had and received. The fact that the log-mark was recorded in defendant's name is not inconsistent with the Foxes owning the logs, for the record of a log-mark, in the name of one person, is only *prima facie* evidence that logs bearing that mark are the property of such person. Gen. St. 1878, § 27, *c.* 32.

Order reversed.